UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEPHEN A. CHERRY,<br><br>                    Plaintiff,<br><br>vs.<br><br>DWAYNE SHEDD, JEFF KIRKMAN,<br>RANDY HIGGINS, ANDREA<br>BLADES, BRENT REINKE, and<br>JESSICA LORELLO,<br><br>                    Defendants. | Case No. 3:10-cv-00271-EJL<br><br>**ORDER** |

Earlier in this matter, the Court granted in part and denied in part Defendants'

Motion for Summary Judgment. (Dkt. 30, 48.) Claims against Jeff Kirkman and Andrea

Blades were dismissed without prejudice based on a failure to exhaust administrative

remedies. Plaintiff was permitted to proceed against Sergeant Higgins on an access-to-

courts claim that Higgins confiscated some of Plaintiff's legal materials and evidence

pertaining to Plaintiff's state criminal case when he was scheduled to be transferred to an

out-of-state prison. After Sergeant Higgins filed his Answer (Dkt. 56), Plaintiff filed a

Motion for Leave to Amend to clarify his allegations against Sergeant Higgins. (Dkt. 58.)

Plaintiff also filed a Motion to Stay Proceedings, asking that the case be stayed until the

Motion to Amend has been decided. (Dkt. 57.)

**ORDER - 1**

Rather than undertake yet another review of Plaintiff's allegations, the Court has determined that the most efficient way to proceed is to permit Defendant Higgins to file a motion for summary judgment regarding any or all of Plaintiff's claims or allegations, as may be appropriate from the record. In their briefing, the parties should address the following, in particular, along with those other claims and issues identified by the parties as material to the resolution of the Amended Complaint.

## 1.  Elements of an Access to the Courts Claim

Plaintiff has been extremely vague about the nature and content of the missing "irreplaceable exculpatory legal materials and evidence" and exactly how the loss of the materials and evidence impacted his state criminal action. For example, it is unclear why he would have unique legal materials and items of evidence that were not already a part of the criminal record or that could not be duplicated from another source. It is also unknown whether Plaintiff tried to raise the issue of the loss of evidence in his criminal case, and, if he did, what the outcome was. In addition, Plaintiff has provided a document that shows the additional legal materials may have been mailed out of the prison to someone such as a relative or friend of Plaintiff (Dkt. 59-1, p. 9.) The parties should clarify the facts surrounding this communication, and what happened to the items that were mailed out. Most importantly, it is unclear how the items would have made a difference in the outcome of Plaintiff's criminal case, as he alleges.

ORDER - 2

Under the First Amendment, prisoners have a right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim "to remove roadblocks to future litigation") or from the loss of a suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412–15 (2002).

The United States Supreme Court has outlined the level of specificity needed for either type of claim and has emphasized the importance of whether other remedies remain open:

> [E]ven in forward-looking prisoner class actions to remove roadblocks to future litigation, the named plaintiff must identify a "nonfrivolous," "arguable" underlying claim, *id*., at 353, and n. 3, 116 S.Ct. 2174, and we have been given no reason to treat backward-looking access claims any differently in this respect. It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation. It follows, too, that when the access claim (like this one) looks backward, the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought. There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element.
>
>  Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant. *See generally Swierkiewicz v. Sorema N.A*., 534 U.S. 506, 513–515, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Although we have no reason here to try to describe pleading standards for the entire spectrum of access claims, this is the place to address a particular risk inherent in backward-looking claims. Characteristically, the action underlying this sort of access claim will not be tried independently, a fact that enhances the natural temptation on the part of plaintiffs to claim too much, by alleging more than might be shown in a full trial focused solely

ORDER - 3

on the details of the predicate action. Hence the need for care in requiring
that the predicate claim be described well enough to apply the
"nonfrivolous" test and to show that the "arguable" nature of the underlying
claim is more than hope. And because these backward-looking cases are
brought to get relief unobtainable in other suits, the remedy sought must
itself be identified to hedge against the risk that an access claim be tried all
the way through, only to find that the court can award no remedy that the
plaintiff could not have been awarded on a presently existing claim.

*Harbury*, 536 U.S. at 415-16. Because of the procedural posture of this case (having been

returned from the Court of Appeals as a complaint that stated a claim), the Court will not

entertain a motion to dismiss based on the pleadings, but it will entertain a motion for

summary judgment.

   In summary, to state an access to courts claim when a prisoner claims that he

suffered the loss of a claim that cannot now be brought, a prisoner must allege facts

supporting three elements: (1) official acts that frustrated the inmate's litigation; (2) loss

of a "nonfrivolous" or "arguable" underlying claim that is set forth in the Complaint,

*including the level of detail necessary "as if it were being independently pursued"*; (3)

specific allegations showing that remedy sought in the access to courts claim is not

otherwise available in a suit that otherwise could be brought. *Id*. at 415-17 (emphasis

added).

## 2.  Implications of *Heck v. Humphrey*

   Plaintiff seeks damages for, among other injuries, being held in prison during the

time period he has been unable to prove his claims in the criminal case. He alleges: "It is

completely conceivable that one, all, or some combination of these lost legal materials

could have resulted in the successful litigation of his criminal case and but for the loss of

**ORDER - 4**

those materials have secured Mr. Cherry's release from prison." (Dkt. 59, p. 4.) To prevail in an access to courts case, Plaintiff must show more than mere "conceivability."

However, because Plaintiff's allegations concern his state criminal case, the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) may be implicated to prevent his pursuit of his claims at this time. In *Heck*, the United States Supreme Court held that the district court must decide the threshold issue of whether a favorable verdict in a civil rights case would necessarily imply that Plaintiff's criminal conviction is invalid. In *Heck v. Humphrey*, the Supreme Court held that, where a favorable verdict in a civil rights action would necessarily imply the invalidity of a plaintiff's conviction, he must first prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* As a result, "a claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id. See also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (when a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release from . . . imprisonment, his sole federal remedy is a writ of habeas corpus.").

## 3. Additional Discovery Time Period

The Court will extend the parties' discovery time period for an additional 60 days, with any dispositive motions to be filed within 90 days after entry of this Order.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Leave to Amend Complaint (Dkt. 58) is GRANTED.

2. Plaintiff's Motion to Stay Proceedings (Dkt. 57) is MOOT.

3. Defendant Higgins shall file an Amended Answer within **30** days after entry of this Order.

4. The discovery time period shall be extended for an additional **60 days** after entry of this Order (with all discovery calculated so that the responses are received by that date). All dispositive motions shall be filed within **90 days** after entry of this Order.

5. All matters shall be referred to United States Magistrate Judge Ronald E. Bush. Judge Bush is directed to conduct all necessary and proper proceedings pertaining thereto.  If the matter is a non-dispositive motion, Judge Bush is directed to enter an appropriate order as to disposition.  A party contending the order is clearly erroneous or contrary to law shall file written objections with the court within fourteen (14) days.  28 U.S.C §636(b)(1)(A); Local Rule 72.1.  If the matter is a dispositive motion, Judge Bush may conduct any hearings, including evidentiary hearings and submit to the United States District Court proposed findings of fact and recommendations as to disposition.  A party objecting to the proposed findings and recommendations shall file written objections with the court within fourteen (14) days.  The Court will make a de novo determination of those portions to which objection is made.  28 U.S.C. §636(b)(1)(B); Local Rule 72.1.

SO ORDERED.

DATED: October 29, 2015

Edward J. Lodge
United States District Judge