UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEPHEN A. CHERRY, | Case No. 3:10-CV-00271-EJL-REB |
| Plaintiff, | **ORDER ON REPORT AND RECOMMENDATION** |
| v. | |
| DWAYNE SHEDD, JEFF KIRKMAN, RANDY HIGGINS, ANDREA BLADES, BRENT REINKE and JESSICA LORELLO, | |
| Defendants. | |

On August 15, 2016, Chief United States Magistrate Ronald E. Bush issued a Report and Recommendation ("Report"), recommending that Defendant's Motion for Summary Judgement be granted. (Dkt. 82.)[1] Any party may challenge the Magistrate Judge's proposed recommendation by filing written objections within fourteen days after being served with a copy of the Report. 28 U.S.C. § 636(b)(1)(C). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the Magistrate Judge. *Id.*; *see also* Fed. R. Civ. P. 72(b).

---

1 The Magistrate Judge also issued an Order on several non-dispositive motions. (Dkt. 82.)

**ORDER ON REPORT AND RECOMMENDATION- 1**

Plaintiff filed objections to the Report arguing it erred in its conclusions and findings. (Dkt. 85.) The Defendant has filed a response and the matter is ripe for this Court's consideration. Fed. R. Civ. P. 72; Local Civ. R. 73.1.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. To the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

In this case, Plaintiff filed objections and the Court has conducted a *de novo* review of those portions of the Report. The Court has also reviewed the entire Report as well as the record in this matter for clear error on the face of the record and finds as follows.

## DISCUSSION

The factual and procedural background of this case are well stated in the Report and not objected to by the parties. As such, the Court adopts the Report's recitation of the

**ORDER ON REPORT AND RECOMMENDATION- 2**

general background of the case. (Dkt. 82.) The dispute concerns the Plaintiff's, Stephen Cherry, First Amendment access-to-court claims against Defendant Randy Higgins. In general, the Plaintiff's claims allege the Defendant Higgins confiscated some legal materials and evidence relating to the Plaintiff's state criminal case when he was scheduled to be transferred to an out-of-state prison. (Dkt. 59.) Defendant Higgins filed the instant Motion for Summary Judgment arguing the Plaintiff has failed to show he suffered an "actual injury" as a result of his legal materials being lost. (Dkt. 71.)

The Report concludes that Plaintiff has provided no evidence that he suffered an actual injury from the alleged loss of his legal materials. (Dkt. 82.) Namely, the Plaintiff has not established any link between the dismissal of his habeas petition and the alleged denial of his access to courts because the dismissals were procedural. In his objections, Plaintiff maintains his state criminal convictions were illegally obtained and that overwhelming material facts need to be heard by a jury and, therefore, the Report erred in granting the Motion for Summary Judgment. (Dkt. 85.) Defendant maintains the Plaintiff has failed to offer any evidence showing that he has suffered an actual injury to support his claim that he was denied access to the courts. (Dkt. 86.) Specifically, that there is no evidence in this case showing the Plaintiff's Federal Habeas case or his motions in his Kootenai County case were dismissed because his legal material had been confiscated by the Defendant. (Dkt. 86.)

**ORDER ON REPORT AND RECOMMENDATION- 3**

The Court has reviewed this issue *de novo* in light of the arguments made by the parties both in their objections to the Report as well as in their initial briefing on the summary judgment motions. Having done so, this Court agrees with the Report's conclusion and recommendation. There is no evidence that any confiscation of the Plaintiff's legal materials was the basis for the dismissal of the Plaintiff's other cases or has prevented the Plaintiff from filing future legal complaints. Therefore, the Plaintiff has not shown an actual injury to support his claims in this case. For that reason, the Court agrees with the Report that summary judgment should be granted on Plaintiff's claims against the Defendant Higgins. In reaching this conclusion, the Court is mindful of the fact that the Plaintiff is a *pro se* litigant. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014); *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Report and Recommendation entered on August 15, 2016 (Dkt. 82) is **ADOPTED IN ITS ENTIRETY** and the Defendant's Motion for Summary Judgment (Dkt. 71) is **GRANTED**.

Dated: **September 27, 2016**

Honorable Edward J. Lodge
United States District Judge